**FLOWERS INDUSTRIES,**
Plaintiff–Appellee,

v.

**FEDERAL TRADE COMMISSION,**
Defendant–Appellant.

No. 88–8176.

United States Court of Appeals,
Eleventh Circuit.

July 13, 1988.

Jack Hood, Asst. U.S. Atty., Macon, Ga., David C. Shonka, F.T.C., P. Abbott McCartney, Washington, D.C., for defendant-appellant.

Kent B. Mast, Hansell & Post, L. Catharine Cox, L. Trammell Newton, James A. Gilbert, Atlanta, Ga., for plaintiff-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and GIBSON *, Senior Circuit Judge.

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

HATCHETT, Circuit Judge:

The Federal Trade Commission (FTC) appeals an order of the district court which granted a preliminary injunction barring the operation of an FTC letter ordering Flowers Industries, Inc. (Flowers) to divest itself of two bakeries. We vacate the preliminary injunction and remand to the district court with directions to dismiss the action.

## FACTS

Flowers Industries, Inc. owns baking operations throughout the southern area of the United States. In 1980, the FTC initiated a proceeding challenging Flowers's acquisitions of seven bakeries. Flowers and the FTC settled this proceeding by entering into a consent order. The consent order required that Flowers divest itself of its bakeries in Gadsden, Alabama, and High Point, North Carolina. The consent order provided that the divestitures be made to an "eligible person," defined as a person with the capacity and intention to operate the facilities as bakeries.

After unsuccessful efforts to sell the bakeries, the FTC and Flowers negotiated a modification to the consent order. Pursuant to the modified consent order, the parties appointed a trustee to find a buyer for the two bakeries. The trustee had a duty to divest "at the most favorable price and terms available, but there [was] no minimum price." The modified consent order also provided that Flowers's divestiture obligation would terminate if the trustee could not find a buyer by October 20, 1986. Prior to October 20, 1986, the trustee recommended three potential buyers, but also recommended disapproval of two other buyers, one of whom was Lawrence J. Spiegel d/b/a Mills Family Bakery. Although Spiegel was a successful businessman and had secured financing for the bakery operation, he had no experience in the baking industry. Spiegel/Mills offered to purchase the bakeries for $2,300,000. Another potential purchaser offered to purchase the bakeries for $4,000,000.

On August 5, 1987, the FTC issued a letter (the FTC Letter) which approved the Spiegel/Mills proposal. Flowers objected to the FTC Letter contending that it violated the modified consent order by approving the sale to Spiegel because (1) Spiegel was not an "eligible person," (2) the price was not "the most favorable price and terms," and (3) the trustee had not sought approval of Spiegel by the October 20, 1986 deadline.

On December 16, 1987, Flowers brought this action in the district court seeking injunctive relief alleging that the FTC Letter constituted arbitrary and capricious administrative action. The district court issued a preliminary injunction barring enforcement of the FTC letter.

In this appeal, the FTC contends that the modified consent order does not authorize the trustee to transfer the assets of the Flowers's bakeries; therefore, the district court erred in finding that Flowers would suffer irreparable harm and in issuing the injunction. The FTC also contends that judicial activity is inappropriate and premature because the letter is not self-implementing, and the FTC has taken no action to enforce it.

Flowers contends that the FTC did not comply with the modified consent order; consequently, Flowers would have suffered irreparable harm due to noncompliance if the FTC Letter had not been enjoined.

## DISCUSSION

One prerequisite to the issuance of a preliminary injunction is that the movant will suffer irreparable injury without the injunction. *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir.1983). Flowers would suffer irreparable injury if its assets were divested without resolution of the disputes concerning the modified consent order. At this point, however, neither the trustee nor the FTC has the power to effectuate the divestiture. At oral argument, the FTC admitted this lack of power. Because no immediate danger of divestiture exists, Flowers cannot suffer irreparable harm. The parties recognize that the FTC cannot convey the Flowers assets without its cooperation. The modified consent order states, "When requested to do so by

the Trustee, Flowers shall promptly empower the Trustee to perform, on Flowers' behalf, every act necessary to convey clear title to the assets...." This provision implies that the trustee is powerless to convey the assets without further action by Flowers. The FTC can only enforce the divestiture by bringing an enforcement action seeking civil penalties against Flowers. 15 U.S.C. § 45(*l*).** In light of this provision, we hold that Flowers failed to demonstrate the threat of irreparable harm necessary to support a preliminary injunction; therefore, we vacate the district court's issuance of the preliminary injunction.

For the same reasons that Flowers is not in imminent danger of irreparable harm, this case is not ripe for judicial review. Flowers's lawsuit is premature because the parties have yet to complete the administrative process. The FTC must seek to enforce the divestiture through civil penalties before Flowers can assert its defenses in a court of law. Courts require that a controversy be "ripe" for judicial resolution

> to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). The ripeness issue requires consideration of two factors: (1) fitness of the issues for judicial decision and (2) hardship to the parties of withholding court consideration. *Abbott Laboratories* at 149, 87 S.Ct. at 1515. If the courts withhold consideration of this matter, no hardship will result to either party. Without agency enforcement action, the trustee cannot sell the assets, and Flowers can suffer no consequent hardship. The issues will be fit and "ripe" when the FTC takes enforcement actions placing Flowers in danger of losing its bakeries.

In *Brown & Williamson Tobacco Corp. v. Engman*, 527 F.2d 1115 (2d Cir.1975), a private party sought review of the FTC's interpretation of a consent order prior to any enforcement proceedings by the FTC. The Second Circuit held that the action was premature and a preliminary injunction inappropriate because the parties could litigate the interpretation of the consent order in a civil penalty action. *See also Dickerson v. Administrator, EPA*, 834 F.2d 974, 977 (11th Cir.1987) (no pre-enforcement judicial review of an EPA clean up order); *Floersheim v. Engman*, 494 F.2d 949, 952 (D.C.Cir.1973) (neither the Federal Trade Commission Act nor the Administrative Procedure Act authorizes the courts to have subject matter jurisdiction for interpreting an FTC order before the FTC seeks enforcement). We agree with this line of cases. Consequently, we hold that judicial review of the modified consent order is improper until the FTC seeks to enforce its order.

Our holding that the issues are not ripe for judicial review has no impact on whether Flowers will ultimately have to divest itself of the bakeries. The courts will resolve that issue if and when the FTC decides to bring an enforcement action against Flowers. 15 U.S.C. § 45(*l*).

Accordingly, the preliminary injunction is vacated, and the case is remanded to the

---

** Title 15 U.S.C. § 45(*l*) provides:

(*l*) Penalty for violation of order; injunction and other appropriate equitable relief

Any person, partnership, or corporation who violates an order of the Commission after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $10,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the Attorney General of the United States. Each separate violation of such an order shall be a separate offense, except that in the case of a violation through continuing failure to obey or neglect to obey a final order of the Commission, each day of continuance of such failure or neglect shall be deemed a separate offense. In such actions, the United States district courts are empowered to grant mandatory injunctions and such other and further equitable relief as they deem appropriate in the enforcement of such final orders of the Commission.

district court with instructions that it be dismissed.

VACATED and REMANDED.